UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND HAWKINS, ) | |
| Petitioner, ) | |
| vs. ) | No. 1:14-cv-1732-TWP-DML |
| ) | |
| SUPERINTENDENT, Pendleton ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry and Order Dismissing Action**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Raymond Hawkins, an Indiana state prisoner. For the reasons stated below the Petition is **DENIED.**

**Background**

The pleadings and the expanded record in this action establish the following:

1. On July 28, 2014 the inside door handle of Hawkins' cell at the Pendleton Correctional Facility was removed by prison staff and three "shanks" were found inside.

2. Hawkins was charged with possession of a dangerous weapon. Two days after the conduct report was issued—or at least several days before the hearing, the report was corrected to recite that Hawkins' first name was "Raymond" and not "Reginald." The conduct report was accompanied by a report of investigation setting forth more details was to the alleged infraction.

3. A hearing was held on the charge on August 13, 2014. Hawkins was present at the hearing and made a statement. The Report of Disciplinary Hearing indicates that Hawkins statement was that he had only been assigned to the cell for about a month and that because of court appearances he had not occupied the cell continuously during that month. Hawkins further stated that Officer Duncan falsified the conduct report as he was not the officer who found the

weapon, rather "Capt. Pencing did." (Dkt. 9-9).

4. The hearing officer considered Hawkins' statement and the other evidence and found Hawkins guilty as charged.

5. Believing the proceeding to be tainted with irregularities and errors, Hawkins filed this action seeking a writ of habeas corpus.

**Discussion**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

The due process requirements are satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Hawkins received all the process to which he was entitled. That is, the charge was clear (when taking into account the report of investigation), adequate notice was

given, and the evidence was sufficient. In addition, (1) Hawkins was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Hawkins' claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. He does not dispute the nature of the contraband which was found or the location where it was found or the time and date it was found. He suggests that the evidence is insufficient because no prison document narrates that the shanks were found in his possession. Even if Hawkins was not documented as being in actual possession of the weapons, however, a rational trier of fact could easily find them to have been in his constructive possession, *see, e.g., Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992) (concluding that "some evidence" supported disciplinary charge where conduct report showed that prisoner was one of four inmates with access to vent containing contraband weapons); *White v. State,* 772 N.E.2d 408, 413 (Ind. 2002)(to support a conviction under this doctrine, the State must show "that the defendant had both the capability and the intent to maintain dominion and control over the contraband. Where control is non-exclusive, intent to maintain dominion and control may be inferred from additional circumstances that indicate that the person knew of the presence of the contraband"), and that is enough to satisfy the some evidence requirement of *Hill*. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The most that can be made of Hawkins' remaining arguments is that the proceeding did not comport with some requirement of prison policy or state directive. Such

arguments do not support claims which are even cognizable under § 2254(a) because a viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) ("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)). In any event, the irregularities which Hawkins describes did not prejudice him in the circumstances of this action. *See Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings).

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Hawkins to the relief he seeks. Accordingly, his Petition for Writ of Habeas Corpus (Dkt. 2) must be **DENIED**.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 5/6/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Raymond Hawkins
885871
Pendleton Correctional Facility
Electronic Filing Participant – Court Only

Electronically Registered Counsel